# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for SOUTHWESTUSA BANK, N.A., a Nevada banking association, | Case No.: 2:10-cv-02103-GMN-RJJ |
| Plaintiff, vs. | **ORDER** |
| KC2-2, LLC et al., | |
| Defendants. | |

Before the Court is Defendants KC2-2, LLC et al.'s Motion to Remand (ECF No. 8). Plaintiff, Federal Deposit Insurance Corporation ("FDIC") filed a Response (ECF No. 9) and Defendants filed a Reply (ECF No. 12). For the following reasons the Court Grants the Motion to Remand.

This action was commenced in the Eighth Judicial District Court of the State of Nevada on July 14, 2009. (Response 2:14–20, ECF No. 9.) On July 23, 2010, SouthwestUSA Bank was closed and the FDIC was appointed a receiver of the institution. (*Id.* at 2:26–28.) On August 11, 2010 FDIC was substituted as a party to the Counterclaims only. (*Id.* at 3:1–3.) On October 20, 2010 FDIC was substituted as a party to all remaining claims. (*Id.* at 3:3–5.) FDIC filed a notice of removal on December 3, 2010 (ECF No. 1).

12 U.S.C. §1819(b)(2)(B) confers several procedural advantages for FDIC to remove an action when it becomes a party to a case. It provides:

> . . . the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. §1819(b)(2)(B). The Ninth Circuit has acknowledged that when Congress amended the FDIC's enabling statute by enacting the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), "it greatly expanded the FDIC's ability to remove cases to federal court." *Bullion Services, Inc. v. Valley State Bank,* 50 F.3d 705, 707 (9th Cir. 1995). In 12 U.S.C. § 1819(b)(2)(B), Congress "confer[red] several procedural advantages on the FDIC that go beyond the general removal authorization found in 28 U.S.C. §§ 1441-1452." *Id.* There is no doubt that enacting FDIC's removal statute evidences Congress's desire that cases involving the FDIC should generally be heard and decided by the federal courts. *Id.*

In this case, FDIC was substituted as a party twice, once on August 11, 2010 and once on October 20, 2010. FDIC argues that being substituted twice gives it two opportunities to remove the action to federal court. Defendants argue that there is only one chance for FDIC to remove the case, based on the first instance it is substituted as a party. It is unclear based on the statutory language if the right to remove is renewable and the Ninth Circuit has not addressed this issue specifically.

A district court in Wisconsin held that the right to remove was renewable under the statute. In *FDIC v. First Mortgage Investors*, 459 F.Supp. 880 (E.D. Wisconsin 1978), the FDIC participated as the plaintiff (after being appointed as receiver) in the underlying state court action without removing to federal court. After the FDIC lost a motion for summary judgment in state court and the defendant filed a counterclaim. After the filing of the counterclaim, the FDIC moved for removal. The court held that even if the FDIC waived its rights to remove, "its right was renewed when the defendant filed its counterclaim." *Id.* at 882. Other courts have appeared to follow suit. *See e.g.*, *F.D.I.C. v. S& I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994)(FDIC, as original plaintiff in state court proceeding, had additional removal rights accrue upon the filing of the counterclaims against it); *Yankee Bank for Finance & Sav., FSB v. Hanover Square Associates-One Ltd. Partnership*, 693 F.Supp.1400, 1411

(N.D.N.Y. 1988) (FDIC's removal rights were renewed when party served amended answers and counterclaims upon the FDIC).

These cases are distinguishable from the present suit, because in the present suit, FDIC was first substituted as a party to the counterclaims and subsequently substituted as a party to the remaining claims. Regardless, it does not change the reasoning why other courts have held that the right to remove is renewable. The FDIC's decision to remove or not remove a case will depend on what claims it is substituted as a party for. Given that the FDIC cannot predict what kinds of claims it will face it should be allowed to remove within 90 days after it is substituted as a party for any claim. Accordingly the Court finds that FDIC is allowed to remove the action within ninety days after it was substituted as a party on all the remaining claims on October 20, 2010. FDIC removed this action on December 3, 2010 and it is therefore timely under 12 U.S.C. § 1819(b)(2)(A).

**IT IS HEREBY ORDERED** that Defendants KC2-2, LLC, et al.'s Motion to Remand (ECF No. 8) is **DENIED**.

DATED this 23rd day of September, 2011.

_____
Gloria M. Navarro
United States District Judge